**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT W. SMITH | No. C 15-03476 MEJ (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND; GRANTING LEAVE TO FILE AMENDED COMPLAINT** |
| v. | |
| ZAHED U. AHMED, et al., | |
| Defendant. | (Docket No. 7) |

### INTRODUCTION

Plaintiff, an inmate at Correctional Training Facility–Soledad in Soledad, California, initiated this *pro se* civil rights action under 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* in a separate order. Before the Court screened Plaintiff's initial complaint, Plaintiff filed a motion for leave to file an amended complaint (Docket No. 7), which the Court GRANTS. The amended complaint (Docket No. 8) supercedes the prior complaint and is now the operative complaint in this action. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

The Court now conducts its initial review of the amended complaint (Docket No. 8) pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, this Court dismisses Plaintiff's federal law claims. If Plaintiff fails to amend his pleadings to state a viable federal claim, this Court will likely decline to exercise supplemental jurisdiction over the remaining state law claim. See 28 U.S.C. § 1367(c)(3).

**DISCUSSION**

## I. STANDARD OF REVIEW

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Id. at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. Id. Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Id. at 634.

## II. ANALYSIS

### A. Factual Background

According to the complaint, in 2011, Plaintiff underwent an unsuccessful back surgery. See Docket No. 8 ("Am. Compl.") at 5. Following the surgery, his back condition worsened, as documented by MRIs, CT scans and x-ray reports. See id. On August 5, 2014,

1  Plaintiff's cell was searched by prison officials.  See id. at 4.  Correctional Officer
2  Betancourt authored an observation information chrono wherein he falsely stated that the
3  search had uncovered hoarded medications of morphine, and contraband hypodermic needles
4  or syringes.  See Docket No. 8 ("Am. Compl.") at 4.  Dr. Ahmed, the medical provider
5  assigned to Plaintiff, "act[ed] in association" with the falsified information by discontinuing
6  Plaintiff's pain medication.  See id. at 4–5.  Dr. Bright and Chief Medical Officer ("CMO")
7  Posson "acted in association with each other [and with Dr. Ahmed]" by taking away
8  Plaintiff's walker, discontinuing his pain medications, ignoring Plaintiff's complaint of blood
9  in his urine and his injured back, and taking no action to address Plaintiff's health issues.
10 See id. at 5.  As a result, Plaintiff's pain has increased and he is experiencing worse pressure
11 to his lower back and knee areas.  See id.  At some point, Plaintiff was provided with other
12 pain medications, but these medications were "less useful" and caused him to "bleed
13 internally, appearing in his urine and stool."  See id. at 8.  Despite the MRI, CT scan and x-
14 ray reports documenting the continuing existence of his back injury, Dr. Bright claims that
15 Plaintiff's "injuries are fine and that there are no new damages."  See id. at 5.

### B. Legal Claims

Plaintiff claims that Officer Betancourt, Dr. Ahmed, Dr. Bright, and CMO Posson have been deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment.  He also brings a state law cause of action of professional negligence against Dr. Ahmed, and alleges that Officer Betancourt has falsified a documentation report against him.

Plaintiff has not adequately pled his Eighth Amendment claims.  Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  See

1  McGuckin, 974 F.2d at 1059.  A "serious" medical need exists if the failure to treat a
2  prisoner's condition could result in further significant injury or the "unnecessary and wanton
3  infliction of pain."  See id. (citing Estelle, 429 U.S. at 104).  A prison official is deliberately
4  indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards
5  that risk by failing to take reasonable steps to abate it; "the official must both be aware of
6  facts from which the inference could be drawn that a substantial risk of serious harm exists,
7  and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  If a
8  prison official should have been aware of the risk but was not, then the official has not
9  violated the Eighth Amendment, no matter how severe the risk.  Gibson v. County of
10 Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

11         Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and
12 plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.
13 8(a)(2).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the
14 elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked
15 assertion[s]' devoid of 'further factual enhancement.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678
16 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555, 557 (2007)) (alterations in
17 original).  To satisfy the Rule 8 standard, a plaintiff must plead factual content that allows the
18 court to draw the reasonable inference that the defendant is liable for the misconduct alleged.
19 Id. (citing Twombly, 550 U.S. at 556).

20         Plaintiff's Eighth Amendment claims merely recite the elements of the cause of action
21 without providing specific factual content.  For example, it is unclear if and how Officer
22 Betancourt knew of Plaintiff's medical issues.  It is similarly unclear if and how Officer
23 Betancourt knew that submitting a false report would result in serious risk of harm to
24 Plaintiff's health.  In addition, Plaintiff states that Defendants "knew or should have known
25 that [their] conduct, attitudes, and actions "created an unreasonable risk of serious harm to
26 plaintiff."  Am. Compl. at 7, 9, and 10–11.  As discussed above, there is no Eighth
27 Amendment violation if a prison official should have been, but was not, aware of a risk of
28 harm to a prisoner.  Gibson, 290 F.3d at 1188.  The defects discussed above could potentially

4

be cured by the allegation of additional facts. Plaintiff will therefore be given an opportunity to amend his claims, if he can truthfully do so, under the standards explained above. If he chooses to do so, he must provide more factual information regarding the action of the Defendants.

Plaintiff's allegation that Officer Betancourt falsely accused him of hoarding morphine and other contraband is insufficient to state a federal civil rights claim. Brown v. CMC, 2010 WL 2674499, *6–*7 (C.D. Cal. May 18, 2010) ("allegations of a fabricated RVR, alone, do not support a cognizable due process claim"); Buckley v. Gomez, 36 F.Supp.2d 1216, 1222 (S.D. Cal. 1997) (prisoners have no constitutional right to be free from wrongfully issued disciplinary reports), aff'd without opinion, 168 F.3d 498 (9th Cir. 1999); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (prisoner's claims based on allegedly false charges do not state a constitutional claim). Allegations of a fabricated charge fail to state a claim under § 1983 as long as a prisoner is afforded procedural due process in the disciplinary hearing, see Hanrahan v. Lane, 747 F.2d 1137, 1140–41 (7th Cir. 1984), and the false charge does not implicate another constitutional right (e.g., the First Amendment right to be free of retaliation), see Smith v. Mensinger, 293 F.3d 641, 653–54 (3d Cir. 2002). Plaintiff's claim against Officer Betancourt for filing a false claim fails to state a cognizable constitutional violation and is DISMISSED. However, Plaintiff will be granted leave to amend this claim, if he can truthfully do so. See, e.g., McQuillion v. Schwarzenegger, 369 F.3d 1091, 1099 (9th Cir. 2004) ("Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs.").

Plaintiff also alleges a state law claim of professional negligence against Dr. Ahmed. If Plaintiff fails to amend his pleadings to state a viable federal claim, this Court will likely decline to exercise supplemental jurisdiction over this claim. See 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend.

5

2.      Within **twenty-eight (28)** days from the date of this order, Plaintiff must file an amended complaint to cure the deficiencies noted above, if he truthfully can do so.  If Plaintiff files a second amended complaint, it should be brief.  See  Fed. R. Civ. P. 8(a).  But the second amended complaint must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ."  Twombly, 550 U.S. at 555 (citations omitted).  Plaintiff shall use the court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 15-3476 MEJ (PR), and the heading "SECOND AMENDED COMPLAINT."  **Failure to file the amended complaint by the deadline will result in the dismissal of the action.**

3.      Plaintiff is advised that an amended complaint supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).  Plaintiff may not incorporate material from the prior complaints by reference.

4.       It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5.      The Clerk shall send Plaintiff a blank civil rights form along with his copy of this order.

IT IS SO ORDERED.

DATED:  November 13, 2015

Maria-Elena James
United States Magistrate Judge